```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|                               |   |                              |
|-------------------------------|---|------------------------------|
| GEORGE WASHINGTON             | : |                              |
|                               | : |                              |
| v.                            | : | Civil Action No. DKC 17-3311 |
|                               | : |                              |
| COASTAL INTERNATIONAL SECURITY, INC. | : |                       |

**MEMORANDUM AND ORDER**

Plaintiff initiated this employment discrimination action on November 8, 2017 (ECF No. 1), the court granted Plaintiff *in forma pauperis* status on December 20 (ECF No. 3), granted him an extension of time to complete and return the Marshal 285 form so that service could be effected on January 18, 2018 (ECF No. 5), and denied his motion to appoint counsel on February 6 (ECF No. 8). Plaintiff now files a motion requesting the undersigned to recuse herself. (ECF No. 9). For the reasons that follow, Plaintiff's recusal request will be denied.

Plaintiff argues that recusal is warranted because he "strongly believes that I'll never get any justic[e]", that "Ms. Judge Deborah Chasanow is on a [the] take", and that during his first lawsuit he requested a trial and the transfer of his case to the Baltimore Courthouse but was denied. He further supports his motion by suggesting that the undersigned has not shown him gratitude or appreciation for his military service. He requests another judge be appointed that "understand[s] the pain and

suffer[ing] that the Men & Women in uniform are going through upon retur[n]ing home."

28 U.S.C. §§ 455(a) provides that a judge or justice "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1), in turn, requires recusal where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Generally, to warrant recusal under Section 455(a) or 455(b)(1), the alleged bias or prejudice must stem from an extrajudicial source. *Belue v. Leventhal*, 640 F.3d 567, 572-73 (4th Cir. 2011) (citing *Liteky v. United States*, 510 U.S. 540, 545 (1994)). In other words, the bias or prejudice must arise from "events, proceedings, or experiences outside the courtroom." *Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998). Thus, on their own, prior judicial rulings "almost never constitute a valid basis for a bias or partiality motion," nor do opinions formed by a judge during prior proceedings. *United Sates v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (citing *Liteky*, 510 U.S. at 550) (internal quotation marks omitted).

Plaintiff's motion for recusal is without merit because he fails to allege any bias or prejudice stemming from an extrajudicial source. Instead, he attempts to establish bias based his own perceived prejudice and on the undersigned's

involvement in prior judicial proceedings.  This involvement in the case captioned *George Washington v. Coastal International Security,* Civil Action No. DKC 14-0331, does not constitute the type of egregious judicial conduct that requires recusal.  *See, e.g.*, *Belue*, 640 F.3d at 573 (observing that "the only cases where courts have granted recusal motions based on in-trial conduct tend to involve singular and startling facts," such as where the judge noted that German-Americans have hearts "reeking with disloyalty"; where the judge made clear from the beginning of the case that his goal was to "recover funds that the defendants had taken from the public"; and also where the judge "directed profanities at Plaintiffs or Plaintiffs' counsel over fifteen times and refused to allow the plaintiffs to present argument at the sanctions hearing").  Plaintiff appealed the prior case and the rulings of the undersigned were affirmed.

Accordingly, it is this 26th day of February, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1.   The motion for recusal filed by Plaintiff George Washington (ECF No. 9) BE, and the same hereby IS, DENIED; and

2.   The clerk will transmit a copy of this Memorandum and Order to Plaintiff.

/s/
DEBORAH K. CHASANOW
United States District Judge