IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE WASHINGTON         :
                          :
   v.                     :   Civil Action No. DKC 17-3311
                          :
COASTAL INTERNATIONAL SECURITY,
INC.                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is the motion to dismiss filed by Defendant Coastal International Security, Inc. ("Defendant"). (ECF No. 13). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

I. **Background**

Plaintiff George Washington is a war veteran and worked as a security officer for Defendant from July 2010 until he was terminated in July 2013.[1] In August 2013, Plaintiff filed a complaint alleging that Defendant discriminated in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") when it terminated him. After the close of discovery, Defendant moved for summary judgment arguing that it

---

[1] Plaintiff was a member of Naval Reserve during the pendency of the prior suit. Affidavit of George Wolo Washington, *Washington v. Coastal Int'l Sec., Inc.*, No. DKC-14-0331 (D.Md. Dec. 12, 2014), ECF No. 35, at 18.

had terminated Plaintiff's employment because of numerous violations of the employment code. Defendant's motion was granted, and judgment was entered. *Washington v. Coastal Int'l Sec., Inc.*, No. DKC-14-0331, 2015 WL 4396616 (D.Md. July 16, 2015), *aff'd*, 633 F.App'x 186 (4th Cir. 2016).

On November 18, 2017, Plaintiff filed this action against Defendant. It appears that at some point after his termination from Defendant, Plaintiff obtained employment at a different security firm. He was working for that firm at a government site in Crystal City, Virginia. Defendant "assume[d] contract operation" at that site on August 1, 2017. (ECF No. 1-1, at 1). When Defendant took over the Crystal City site, it did not rehire Plaintiff. In the letter telling Plaintiff of its decision, Defendant stated that "A review of our records indicates that you were a previous employee at Coastal and it was noted that you are ineligible for re-hire with our company." (ECF No. 1-1 at p. 1). Defendant moved to dismiss. (ECF No. 13). Plaintiff responded (ECF No. 20), and Defendant replied (ECF No. 21).

II. **Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader

is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

In addition, dismissal may be proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). "[W]hen entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). Reference to these facts does not convert a motion to dismiss into a motion for summary judgment. *Id.*

**III. Analysis**

Defendant argues Plaintiff's complaint is barred by *res judicata*. Federal common law governs the preclusive effect of the prior decision. *United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 912 (4th Cir. 2013). Under federal common law, "[t]he application of *res judicata* turns on the existence of three factors: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (internal quotation marks omitted). Claims concern the same action when "the suits and the claims asserted therein 'arise out of the same transaction or series of transaction or the same core of operative facts.'" *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004) (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)).

Plaintiff seems to argue that his termination in May 2013 and Defendant's refusal to reemploy him violate USERRA. (ECF No. 1, at 5). Plaintiff and Defendant were the parties to the prior suit, and the prior suit had a final judgment on the merits. *Washington*, 2015 WL 4396616. The prior suit determined that Plaintiff's dismissal did not violate USERRA.

To the extent Plaintiff brings a claim related to his initial termination, it is clearly barred by *res judicata*. Plaintiff seems also to allege that the failure to hire in 2017

5

was a continuation of the earlier violation, but a continuing violation "is occasioned by continual unlawful acts, not continual ill effects from [the alleged] original violation." *Nat'l Adver. Co v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991). Here, Plaintiff points to no new unlawful acts and instead repeats that his previous termination was unlawful. Accordingly, the complaint, both as to the original termination and later refusal to rehire is barred by *res judicata* and will be dismissed.

Out of an abundance of caution, however, Plaintiff will be given a brief period to amend the complaint. In his complaint, Plaintiff checked the box for failure to hire, but he has pled no facts alleging a separate cause of action for failure to hire in 2017 under USERRA. In light of the liberal policy favoring amendment and ultimate determination on the merits, Plaintiff will be allowed to file an amended complaint.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant Coastal International Security, Inc. will be granted. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge